Case No. 23-3054, United States of America v. Linwood Douglas Thorne at Balance. Mr. Cohn for the balance, Mr. Hahn for the abode. Mr. Cohn. Thank you, Judge. In United States v. Glover, this court held that an application for a search warrant in the District of Columbia that expressly stated that it was seeking to authority to search outside the district, in that case, it mentioned both Maryland and Virginia, was not valid because a District of Columbia magistrate judge only has jurisdiction to issue, to authorize searches in the District of Columbia. The lesson of Glover is definitely not what law enforcement did here, which is to file an application for a search warrant in which it didn't even mention any other state. It didn't even mention that it was going to search outside the District of Columbia. And what makes this even worse is that this isn't just an ordinary search. This was the installation of a cell site simulator, a device that collects the data of people making cell phone calls and, in some case, disrupts their telephone calls. So, Mr. Cohn, I take it that your position is that there needs to be a finding, implicit or explicit, by the magistrate judge that there's probable cause to believe that at the time of issuance, the phone is in the District of Columbia. Is that your position? It's a probable cause standard? If I understand your question to be the standard that the judge should be applying, no, that's not the heart of my argument. The heart of my argument is that the judge, the magistrate judge, has to be given facts upon which he can judge. And the facts that she's given have to amount to probable cause that the phone is in the district? Yes, but it's important to note that for our purposes today, even under the reason to believe standard that the district judge applied here, there was no reason for the magistrate judge to believe that she was authorizing a search outside the District of Columbia. The very first sentence says I'm authorizing a search in the District of Columbia. Yes, Mr. Cohn, I understand that. And I want to hear that argument as well. But one of the premises is what is the standard by which the magistrate needs to make that finding? And, of course, in addition, there have to be facts in the affidavit to support that, et cetera. But I'm just trying to understand your position as to what is the standard by which the magistrate judge must determine that the phone at issue is in the District of Columbia? Is it probable cause? Is it reasonable suspicion in the court below? I believe the position was there has to be absolute knowledge. My reading of your reply brief is that you now believe it's a probable cause standard. And I think that this is important in understanding your further arguments, but this is like a foundational question. Judge, as respectful as I can be, in this particular case, it's not a foundational question because under any standard, the affidavit was so lacking. The reason I ask you this is because probable cause is not a particularly high standard. And it seems to me that the district court might have been confused about the probable cause standard because she seemed to think that there couldn't be probable cause that this phone is both in the district and in Maryland. Because probable cause is less than 50 percent. We know that. And you can have probable cause, fair probability that the phone could be in the district, fair probability that it's in Maryland. It just seems to me that it's not that high of a standard. And there was information provided in the affidavit that the defendant has a home on Foote Street in the District of Columbia. It's a 202 area code. There was a search warrant executed there where it was confirmed that he lives there by his girlfriend, et cetera. So I don't see why that's not probable cause. I think I understand better your question, which is, let's say that there was probable cause in the affidavit that the defendant was in his property, which the government wanted to search, was in the District of Columbia. The problem is, and it's a problem that happened in Glover and that happened in Kruger, is that when the law enforcement seeks to search not in the District of Columbia, the fact that they may have established probable cause that the defendant is in the District of Columbia doesn't authorize a search outside the District of Columbia. Will 41B does? This all turns on whether it's a B-1 or a B-2 warrant, right? You wouldn't dispute that if this was issued under B-2, then the question would be, was there some basis reasonable to believe, whatever the standard, was the phone in D.C. at the time the warrant was issued? And if it was, obviously the phone could move. So if they learned that a week later it's in Maryland, this could have been a permissible application of a B-2 warrant, right? Your argument hinges on it being a B-1 warrant. No, Your Honor, and I disagree with the, obviously the phone could move. That's something that needs to be in an affidavit. This is a very serious device here. If a magistrate judge is going to authorize the use, law enforcement, of this cell site simulator disrupting privacy of countless citizens, it's not obvious if I sign off and say, oh, yeah, he might be in the District of Columbia, or there's probable cause. That doesn't authorize a B-2 search outside the district. The B-2 is very clear. So my question was, if this was a B-2 warrant, then this scenario would be permissible, correct? If it was properly issued as a B-2 warrant, it would authorize a search outside the district, including Maryland? And if, to bring Judge Pan into the discussion here, if the application had said, we have probable cause to believe this cell phone has moved from the District of Columbia to Maryland, if that's the standard, but there's nothing in the affidavit that gives the magistrate judge the information. I'm sorry, what you just said, are you asking for a standard where we would have to, law enforcement would have to put in the affidavit that they have probable cause that it could move? It's not me, it's the rule that says, and it might move outside the district. It's not me, Judge Pan, it's the rule that says. To issue a warrant. Okay, so it says, a magistrate judge with authority in the district has authority to issue a warrant for a person or property outside the district if the person or property is located within the district when the warrant is issued, but might move or be moved outside the district before the warrant is executed. So you're putting emphasis on the might move or be moved, but I thought that the focus of this appeal was whether it was located within the district when the warrant is issued. No, Judge, and I'm sorry, and I'm, by the way, I'm putting emphasis, not just on might move, but on the word. Which creates a condition if isn't in the. It is judge the word if you just read it. Where I'm looking at the language right now. Is located within the district when the warrant is issued, but might move or be moved outside the district before the warrant is executed. Might move or be moved seems like a very low standard. I thought that we were focusing on whether the person or property is located within the district when the warrant is issued. And what the standard is for that. I'm looking at the role of magistrate judge with authority in the district has authority to issue a warrant for person of property outside the district. If the person or property is located within the district when the warrant is issued, but might move or be moved. In other words, it goes to whether the person or property is located within the district, which is what I thought this appeal was about. No, judge, this appeal is about the failure. Of the application to invoke. B2 and to alert the magistrate judge to say, judge, you're not just looking at whether this. The word affidavit did invoke B2. No, it did not judge that. Not. I understand the government makes a claim based on 1 sentence, but to invoke B2 to just to repeat your words. One has to say, and this property might move or has moved outside the district. There's nothing in the affidavit about that. There's 1 passing sentence that says, oh, yeah, and by the way, we have authority under B2, but that's not enough. The magistrate has to authorize a search outside the district. This rule doesn't you haven't framed it this way, but I took a lot of concerns. To stem from Supreme Court precedent about the particularity. Of the place to be searched, that's not the way the circuits have addressed this question that you raise and. B2 and. Your brief doesn't invoke that line. I'm sorry. But I understand your concern to be very much along the lines of what justice Gorsuch has outlined in his concurring opinion. But. The circuits have not adopted his approach. Judge and here. As judge pan's questions imply, this case is focused on the 1st part. Of the obligation of the magistrate judge. As to whether the defendant was in the district of Columbia at the time. Judge. What where I. The reason I began with the, this court's cover case is the concern in Glover. Finding precedent is with jurisdiction. That's what the application has to tell the magistrate judge. We are invoking your jurisdiction. To authorize a search outside the district of Columbia, which is, by the way, probably highly unusual, particularly with this kind of device. So, it's not enough if the government does refer to. 41 and at some point refers to B2. That's right judge. It's not enough. The affidavit has to give facts already for that. The opinion that's going to come down in this case. Well, that's my point. This is a question of 1st impression judge. I'm just we are looking. For some guidance here, but the guidance is the rule I read to you if the person or property is located within the district, when the warrant is issued, but might move or be moved outside the district before the warrant is executed. That's the language from the rule. That's what law enforcement has to respect. And by the way, the language I just read might move is not as I said earlier in the affidavit. So, can I just try to make sure I understand the argument? So you're saying, which makes a lot of sense when you read the rule, there's 2 requirements was in the district and might move. And I think some of the. Underlying some of these questions is that in our, in the briefing. It seems at least some of us read you to be focused on 1 and we didn't see an argument that the application needed facts, but did not include them on the 2nd requirement. So, I think in your rebuttal, it would be helpful if you could point us to where in your opening brief, you made this argument because you absolutely made the argument that there's not enough facts that the phone was in DC. The contacts from counsel came from Baltimore, but I don't think there was an argument that the application needed to say a cell phone might move. Judge, the argument is in the brief and it would be very helpful if you showed us where right now in rebuttal. That's just why I'm fine. Okay. 1 last thing. Why doesn't the good faith exception? Sort of resolve this whole case, the lover. Address that point. Okay. And I tried to make that point in the very 1st sentences of this argument. Lover did not apply the good faith. Exceptions said it did not apply. We're dealing the comparison I like to make. Here's let's imagine. A prosecutor walks into a federal court and it turns out there's a geographical jurisdiction fatal flaw. And the judge says, I'm really sorry, Mr. Prosecutor, but I'm going to dismiss your indictment here because there's a jurisdictional geographic jurisdiction flaw. And the prosecutor said, well, I, in good faith, believe that actually you had jurisdiction. The judge would politely tell the prosecutors. I'm really sorry. I like your good faith, but that's irrelevant to a jurisdiction. How the good faith exception works. Does it? The good faith exception allows law enforcement to rely on a warrant that's issued by a judge. Right, but the judge here, just to be clear than to answer your question, let's say it does apply. I think it's odd to apply it in jurisdictional situations because there's no jurisdiction. It's what, but let's say that the good faith about Magruder. Didn't we apply that in a jurisdictional situation? Different case, different site. Didn't even mention Glover, but okay. But it's jurisdictional and it's good faith exception. Judge, but Glover remains good law. But let's say that we want to look at the good faith here. Where in the affidavit does law enforcement. Tell the judge, we're going searching outside the district. Where does the magistrate judge say? I'm going to authorize a search outside the district. Nowhere, there's no facts about Maryland or anything like that or any other state under the good faith exception. If something's missing from the affidavit. It's taken outside of the good faith exception only if law enforcement exhibits deliberate reckless or grossly negligent disregard for 4th amendment rights or it's facially deficient. Which, by the way, is what the point that's made in the brief and here it is blatantly. Deficient, I understand your argument to the questions. Thank you. We'll give you 2 minutes for rebuttal. Please proceed when you're ready. Thank you, your honor. And good morning, please the court Brian Han for Pelley, the United States. The district court in this case did not properly denied thorns motion to suppress for 2 reasons. 1st, because there was venue for the warrant in the district of Columbia and 2nd, because even if there was not law enforcement relied on the warrant issuance in good faith when executing the search. The 1st issue, I think, in terms of. Whether, or not there was a venue in the district of Columbia, I think, judge pan, you've said in the warrant affidavit, there was information that thorn lived at in the district. And he had a 2 or his new phone number was a 2 had a 2 error code. And when law enforcement officers went and executed a warrant at that location, his girlfriend confirmed that he had lived there. So, I think there's certainly reason to believe that is the right standard. Do you think it's reason to believe that the phone is in the district at the time of issuance or probable cause? I see that in your brief, you kind of hedged your bets. So, I think that I think that the correct standard is reason to believe. I think that's for a couple of reasons. 1st of all, because the standard is obviously not absolute knowledge. If that were the case, rule 41 would violate would since probable cause is what's needed for warrant. If you needed absolute knowledge, something was there and you suggested that probable cause didn't have that highest standards. That's that's that's fair. And probable cause does not have that highest standard. I think that the government does absolute knowledge.  Correct. That probable cause is not that highest standard. But I think there's a couple of instances in the case law in the 4th Amendment jurisprudence that suggests that when you're looking for a person or evidence related to an arrest. So, here, there's an arrest warrant and the search warrant is looking for information to locate the person to arrest them. That a reason to believe standard applies there. So, 1 of those instances, of course, is Peyton where if you have an arrest warrant for a person, you can go into their home without additional warrant. But that might not be always the reason you want to get this information. It shouldn't be a standard that turns on what you just said, because you might want to get this phone for evidentiary purposes. Maybe the phone's not on the suspect. And, I mean, it has to be a more general standard than that under rule 41B. And it seems to me that probable cause is the standard that is commonly used in achieving or seeking warrants. And reasonable suspicion kind of comes out of nowhere. It's also not really clear to me why reason to believe is necessary, because probable cause is not as high a standard as the district court seemed to think it was. It seemed to be important to her analysis that she didn't think that you could have probable cause to believe the phone was both in the district and in Maryland. But in my view, that's probable cause accommodates that type of analysis, because it's clearly less than 50%. And if you've got a fair probability it's in D.C., because his house is here and he's got a 202 number. And you can also have a fair probability to believe that it's in Maryland, because he's got an auto shop there and he's got a 301 number. I don't think that's preclusive. It seems like probable cause doesn't have the practical problems that the district court thought it would have. To me, the choice should be between preponderance, since it's a jurisdictional fact, which usually you have to prove by preponderance, or probable cause, which is the warrant standard. But preponderance might have the practical problems that the district court identified, which is you want this information so you can find where this person is. If we had preponderance, we wouldn't need the cell site simulator. So it just seems to me that the choices should be between preponderance and probable cause. And probable cause seems to be the one that avoids absurd results and is consistent with the sort of general warrant landscape. So I think I agree with you that probable cause doesn't have all of the problems that the district court judge believed it did. I think that the analysis of probable cause in this case was incorrect, as you said. I do think that reason to believe has been used to authorize a search for evidence when law enforcement is conducting a Gantt search, for example, when you're arresting a Gantt search. What's that? So when someone is, of course, when someone is arrested and you can search their car, if they have been driving one, for evidence of the crime that they're being arrested for, if there is reasonable articulable suspicion that you might find. Can you call that what? A G-A-N-T? G-A-N-T-S, from Arizona for Gantt. Let me ask you to give me some guidance here as to what the department's position is. It's a question of first impression. And at least one of the affiance in the case from law enforcement said he didn't even think we needed a warrant. They had evidence that this man had a lot of drugs at Foote Street. They got an arrest warrant. So why, tell me when the department is taking the position this 41B-2 warrant is required? I don't think I know the answer to that question, Your Honor. I'm not sure. Tell us from your brief. All right. And that's of concern to me here, trying to understand where we are. Because you cite a lot of cases from around the circuits. But, you know, you can read them and say, well, it's factually distinguishable, procedurally distinguishable. And I'm trying to understand in this area where once you get the cell site simulator warrant, the way you are defending it in this case gives carte blanche to law enforcement. No matter where the phone is, if you start hearing pings in Wyoming, you can ask the provider to give you more information. So I need to understand what the department's position is on that question to the extent we have to decide in this case. Because going to good faith says to me, well, there wasn't a Supreme Court decision saying you can't do this. And there wasn't a statute saying you can't do this or a rule saying you can't do this. So don't we end up with saying, well, this officer has a good record in the department or in the FBI or whatever. Other law enforcement agencies involved. And, you know, it was an open question. So we're just going to use this simulator and take B2, you know, as far as it will take us. I'm just not clear where the department is. And your brief says, well, you know, even if we made all kinds of errors, harmless error. That's where you end up, which is where I started. That you knew this man and you had witnesses that he was the one who possessed an enormous amount of illegal drugs. Well, I think under the plain terms of 41B2, when venue is established, venue has to be established that the person or property to be seized is in the district at the time the warrant is issued. And that if it might move outside the district, then the warrant also authorizes. Seizure of that item or person outside the district. And in this case, I think it's a vagary of how this kind of search works. Because the search and the thing to be seized here is not even the phone itself. We're searching the phone for information from the phone that tells us where the phone's location is. And so I do think, in fact, that 41B2 authorizes a search for that phone anywhere if we get information that it is in another district. Because phones are readily moved. And especially in this case where Thorn was a fugitive and was avoiding arrest by law enforcement. Well, you say he's a fugitive. I mean, he's a fugitive in the sense that there's a sealed arrest warrant out for him. But any citizen is given to know that you can't possess unlawful drugs. I'm just wondering what the limits are here. And I don't see any. Because your brief just says harmless error. So I think harmless error is sort of a separate issue here, I think. You go issue by issue by issue by issue. And you say, but, you know, even if law enforcement is wrong, harmless error. Let me think about this way. I think you mentioned the particularity requirement when engaging with my fellow counsel here. And I think that that is actually one of the limits on execution of warrants outside districts. Well, but I'm thinking of those particularity cases in terms of, you know, the warrant says we're going to search 422. And they get to 422, and it's an alley. And so they go to 424. And they search. You know, good thing. You know, they had a warrant. Obviously not for the alley. It's for the house, sort of. This is a very different situation. And the district court says, you know, at least the way she's reading the rule, it didn't contemplate this type of investigatory activity. In other words, as I understand it, the law enforcement could have posted a number of people outside of the Baltimore address. But that's very, you know, manpower intensive. Now you can just use his cell phone. And you can find out where he is, where he's doing his drug sales, et cetera. So that's why, in my thinking, I thought, well, if that's all that's left of the Fourth Amendment, then do we want to be careful, very careful, at the initial authorization? Because we have here an officer who says, he doesn't even think we need a warrant. So I don't know. Questions. But I hope you came with the idea that we were probably going to ask this since it was a question of first impression. It's fair enough, Your Honor. And I think that in terms of whether or not there's something left for the Fourth Amendment after this, certainly there is. Certainly in a case like Kruger, for example, that we cite from the Tenth Circuit and the appellate sites, that's where there's a violation of the venue provision, but not of the Fourth Amendment particularity requirement. Because the warrant there describes particularly the place to be searched and the things to be seen. In this case, what was presented to the magistrate, the magistrate would have to stop and flip through and read all these attachments before she ever would see a reference to be to. I agree with that, Your Honor. And I think that magistrate judges do in fact, or at least should, if they're not just rubber stamping them, review all the attachments, the affidavit for public. Should be more precise and help the magistrate who's busy and has a docket and can't look in the weeds when this is a critical part of the government's request. I think I agree that the warrant affidavit in this case could have been better. I think that. Would you recommend that? Your law enforcement associates? I certainly would. But I think if the question is what is required under 41 B2, what is required in the Fourth Amendment? And then beyond that, even if it wasn't sufficient, whether or not they could rely on the magistrate judge's issuance, the warrant in good faith. Those are sort of different questions. And I think that in this case, both there was venue in the district and that, and that the law enforcement could rely on the warrant in good faith. So counsel, I have a few questions. And the first one is factual. So when you've described the facts, you've described facts showing that, you know, a basis to believe that the phone was in DC when the warrant was issued. Counsel today is arguing that the application also needed to have, but didn't facts establishing that the property might move outside of the district, which is a requirement of the rule. And I just want to give you a chance to directly answer that. Appreciate that. Your honor. I think two things. First, that the rule says that the property might move outside the district of  California. And I think that because it is a cell phone, because it is a piece of movable, it is a movable piece of property. And that the fact that, you know, in Riley versus California, the Supreme court says cell phones nowadays, people carry them with them everywhere. And that's one of the reasons why we need a warrant. It's so self-evident that a mobile phone can move that it doesn't need to be in the application. I think that's when there's still be good reasons to make law enforcement say that. And so we have some confidence that the magistrate is actually making that  I think that's the, because the rule says might, and I think judge pan referenced this mights a very low standard. If something might move outside the district in between the time the warrant is executed and the warrant is issued. And so I think that just sort of the background knowledge that cell phones can move satisfies that might standard. I understand that response. So the next question has to do with the standard. One oddity of using things like Gant or the cases about reasonable suspicion to believe someone's in the house. So you can enter with an arrest warrant is that this is a venue or a jurisdictional requirement. And it just at first blush seems odd to think that you would have a reason to believe or probable cause standard for a jurisdictional or venue requirement. It would be far more natural to think it is a preponderance standard. That's kind of how we typically answer those kinds of questions. So I guess one specific question would be, can you think of another venue or jurisdictional requirement that is not done by preponderance of the evidence? That's a good question,  I don't think I can off the top of my head. It's still possible. The fourth amendment context is different, but I think you, one of your main arguments against a prop preponderance standard would be the kind of burdens that judge Pan was referring to, but how burdensome is that actually? So in this case, there were indications the phone was either in Maryland or in DC. So the burden would be to go can get two warrants in practice. Is that really an incredible burden? So I think two things, your honor, I don't know that it's an incredible burden, but I want to make two points about this. First is that if the phone is sort of an echo poise, 50% between DC and Maryland, then we, I think we couldn't get a warrant in either jurisdiction. And that's the practical problem that the district court judge was saying. But I think the second thing there is that it doesn't, you know, even if it's not a reason to believe standard, I think in the fourth amendment context, it should be probable cause. And that's because to issue a warrant, what you need is probable cause as to the items to be searched, to be seized and the places to be searched. And so if we needed something more than probable cause, that means that rule 41 would be setting a higher floor than the fourth amendment would, because now we will need a preponderance of the evidence. We need to buy a preponderance of the evidence, know the location to be searched, whereas all the fourth amendment requires is probable cause. And so I think that rule 41 should be read harmoniously, like in that sense, with the rest of the fourth amendment jurisprudence. I think we've had arguments about why a reason to believe we think is an appropriate context, but the very least it should be probable cause and not a preponderance or something higher. Do you have any precedents that import reason to believe into a warrant context sufficient and any kind of warrant? I don't, I don't think explicitly for the issuance of a warrant, I think the fourth amendment clearly says that the warrant should be issued on probable cause, but I think rule 41 is not the constitution. Obviously it is jurisdictional factors should be by a preponderance of the evidence. That's the default for a jurisdictional fact. Fair enough. Your honor. I just don't see where reasonable suspicion comes from or reason to believe comes from in this context. I think that's, that's fair enough. Your honor. I think that, I think that there are contexts where it exists. I don't know in, I don't have a case for you in specific where it's been applied to either the issuance of a warrant or a jurisdictional issue. But it seems to me that your position is as long as the phone is located in the district by whatever standard at the time of issuance, then automatically it can be executed or the cell system there can be executed outside of the district because you don't think that there needs to be any facts that state that it will be moved outside of the district. You're just saying if it's here, then phones are mobile. We don't have to add any additional facts, any old time that it moves out of the district. That's okay. I think that's right. Your honor, because of the reason that phones are very mobile. I do think that even if there was a requirement that the phone might move, I think that at least at the very least, the affidavit includes information that the defendant was perhaps not a strictly a fugitive in the sense that he had escaped custody, but was avoiding law enforcement and wasn't turning himself in. I think that that reasonably would allow the magistrate to conclude, or at least to infer that he might be moving jurisdictions and his phone might be moving with him. Law enforcement clearly had information about his pattern of activity.  But this was not shared in the affidavit. And I would have advised him to put in the warrant affidavit. But again, I think the question here is not, what is the best warrant affidavit that could have been written? It is what does the fourth amendment require? What does rule 41B2 require? That's right. And so what you're saying, as I hear you, is if I have a cell phone with a 202 area code, and there's some information I live in the District of Columbia and I've designated it as my principal residence, you can get a cell site simulator and trace me around the world. I think, oh, I don't know about around the world, Your Honor. I'm just trying to understand. I was trying to think back to the founding. What would it be? You want my diary, where I've been, what I've been doing. And it's very comprehensive. And so what kind of burden does the government have in order to get my  diary? I think that there's, because of the way the search takes place, because it's searching the phone and getting information from the phone, it's like the warrant is for the information in the diary. And so in order to go into your home or your business or something like that, we would need a warrant from that district to go into that place and get your diary. But let's say we have a warrant to obtain your diary. It is, we believe that is, we have probable cause that it's in the district of Columbia, but then a law enforcement agent fortuitously is walking around in Oregon and they see you holding your diary on the street. I think that at least in terms of the venue provision, the officer can seize your diary because there is a warrant where probable cause has been found that your diary is evidence of a crime. And we're not intruding on an additional private area that the fourth amendment protects like a home or a business or some other like lock box or effect that you have. We are in fact, particularly seizing. I think so long as the officer like really knows both that the diary is the subject of a warrant that it can be seized and that it is in fact, the diary that we're looking for. I think the law enforcement officer could in fact seize that. And keep in mind rule 41 B2, I think the advisory committee notes talks about a situation where there is something on a train and we're trying to seize that thing on the train. And that the whole point of 41 B2 is so that law enforcement doesn't have to get warrants from every district. The train might be traveling to and sort of time it properly so they can intercept it at the right time to get it from a district that they've obtained a warrant from. They can obtain the warrant in the district that the train currently is in and sort of hit it when it stops. If it doesn't have a stop until the next jurisdiction, perhaps, then they can hit that train and take that object once the train stops there. And so that's sort of the practical reason why 41 B2 was added to the rule and like sort of dovetails with the 1990, I think one of the advisory committee notes, which says that what we're trying to do with 41, rule 41 is make it administratively easier for law enforcement to get warrants because we want to encourage them to get warrants as opposed to rely on some sort of exception. And so. So on the issue of the information about ties to Maryland, which are not included in the affidavit, it seems to me that those would only need to be included in the affidavit if they would negate the probable cause that the phone was in the district. In general, it would be relevant to whether or not the phone is in the district at the time of issuance or not, but there are also ties to Maryland, but I think you would only have to include it in the affidavit. If it would negate the probable cause, because it seems to me that there could be probable cause that the phone is in DC and there also could be probable cause that the phone is in Maryland. And if the Maryland information doesn't negate the probable cause for DC, and you're just trying to seek this one in DC, it doesn't seem strictly necessary that you would include it. Maybe as a matter of best practices, you should, but I don't think it's, it meets, you know, it certainly doesn't meet the good faith standard that, you know, it's, it would be reckless or grossly negligent not to include it or deliberately misleading. And it just seems to me that, although it would be good to include that, it doesn't seem strictly necessary under rule 41 B or just general probable cause principles. I would agree with that, your honor. And I would also note there hasn't been a Frank's challenge on appeal in this case that for some reason, the government didn't have probable cause or didn't the affidavit didn't have probable cause or that there wasn't some sort of. So why shouldn't we just decide this case based on the good faith exception and just not get into all of these sticky issues about rule 41 B. Sorry, why should or shouldn't, why shouldn't we just do this based on good faith exception? So I think that the court could, could do this, decide this case on the good faith exception. I think that there, you know, there are a lot of issues that we've talked about for now for 16 minutes for me. And I think that regardless of whether or not, like what the standard is strictly as to establishing whether or not the properties in the district, at least in this case, law enforcement invokes rule 41 B2 explicitly in the warrant. There was some, this is a warrant for a cell phone. That's highly movable. There's information that the defendant might be avoiding law enforcement. So may move jurisdictions. In that instance, this warrant was not so facially deficient that the good faith exception shouldn't apply. I would note appellant's citation to Glover. I think Glover is an apposite because title three, which is what Glover is talking about, has an explicit textual remedy in the statute that says that no evidence obtained in violation of this chapter can be used as evidence. And that's not the case here. Rule 41 allows for people to file motions to suppress, but doesn't say that, you know, I think that follows. It doesn't explicitly say that evidence should be excluded. And so that sort of follows normal fourth amendment jurisprudence insofar as the good faith exception doesn't apply. So could I push you back and apologies for more questions. As to burden on law enforcement. In this case, as I've mentioned twice before, one of the law enforcement officers didn't think he needed any warrant. Period. Yet, I can find it for you if you want it. If in this case, the government went not only to a DC magistrate, but to a Maryland magistrate and obtained search warrants from both. So that suggests to me that given the information law enforcement had burden is not the type of I don't want to say excuse, but explanation or not going to a Maryland. Magistrate or a cell site simulator. I thought I'm just trying to figure out what's left. I hear you talking and I hear your response to our questions. But in my mind, I'm trying to think, well, there is a fourth amendment. And so we have some statutes and rules that are based on. But what's left in this electronic age? And I understand why drug dealers keep getting rid of cell phones or they don't use the principles, don't use cell phones. And I was just trying to think, how is the diary different? So. And I think again, it's a diary. If law enforcement knew. That I lived in D.C. and that I paid taxes in D.C. I had a car registered in D.C. And. You know, I was a diary keeper. But they also knew I had a home in Maryland. All right. And I paid taxes there. Et cetera. Can you still go into my home in Maryland to get this diary? Even though. And so how do we draw that distinction? Because I think the government is telling me we had to get search warrants from both. Jurisdictions. We couldn't just piggyback. I think I think we've been saying for at least this type of search that you could get the warrant in D.C. and then executed in Maryland. And I think the reason why we can't go into your Maryland home when we have gotten it. Warrant in D.C. is that we are invading your home in Maryland. That's a separate violation of the privacy that the Fourth Amendment is protecting your right to be secure in your place. My diary. In D.C., you get it while it's in D.C., I suppose. And maybe I have more than one. And you have an arrest warrant for me. You can knock on my door in Maryland and say we have an arrest. And there are cases where you can come in and arrest me. That's that's right, Your Honor. That's a sort of a separate issue, I think.  In terms of when an arrest warrant authorizes entering your home and when. And I think there's all sorts of case law that I don't have. This is the distinction here that what you're asking for permission to search is you're trying to get at the location of a cell phone. You're asking for a warrant that allows you to take an investigative technique and apply it to find the location of a cell phone. And so that is the defendant.  Who's who's who's likely with his cell phone. But what you're looking for. This is a cell site simulator warrant that allows you to use this investigative technique to figure out where the warrant is. And so I think that the analogy to diaries and homes is different because then you have probable cause that there's something in the diary or there's something in the home and you get a warrant to search for the content of the diary or the content of the home. But this is purely a locational warrant. Where is the phone? And we know that the phone is mobile. You can move that around. And so the venue provision of 41B just says. A magistrate judge can issue a warrant. For property that's located within the district when the warrant is issued and you might move that property. And so under rule 41B, in terms of just getting that limited information about the location of the phone. If you have whatever the standard is, I think it's probably probable cause to believe that the phone is in the district at the time that the magistrate is signing this warrant, then you can. Use that cell site simulator technology. Even if it's outside of the district, but I think what distinguishes this case from the hypotheticals that they that you raised with the diary is that we're not talking about the contents of the phone. You would need a separate. Warrant to get into the contents of a phone. We're just talking strictly about where is the phone and in order to get a warrant that allows you to figure out where the phone is, you just have to show probable cause. So that the magistrate judge can issue it that it's in the district at this time and probable cause is just a fair probability. And if the person lives in the district and has a 202 number and recently was in the district, according to his girlfriend, that's fair probability that the phone was in the district at the time that the magistrate judge signed the warrant. Because this is really just about whether the magistrate judge has the authority to sign this because the magistrate judge is confined to the District of Columbia. But then the contents all that I think that is actually a very separate and different issue. I think that's right. Your Honor. I think that certainly in this case, we would have needed if we wanted to, in fact, search the cell phone, we would have needed a separate warrant. And in fact, law enforcement agents did get a separate warrant to search the phone once it was seized from the defendant when he was  So I agree that that is certainly one of the distinctions between the scenarios that sort of makes it a little bit confusing and sort of hard to square because of the technology that is involved in just obtaining locational data from the phone. It is hard to imagine a search that looks for locational data that can be executed anywhere because mostly you're searching places and places don't move around as often as phones do. Do places ever move around? You know, sometimes I think they do when I'm walking around. They seem to be in different places than I remember. If it's a car or a van, I guess it could be. Are there any questions, Judge Garcino? Yes, if there are no further questions, thank you. We'd ask the court to inform us. Thank you. Thank you, Your Honor. Judge Garcia, the answer to your question about the brief is page 15 of our initial brief and then at page 20 of the reply brief. With respect, I would let, although, you know, I'm going to read the initial brief. Thus, subsection B1 authorizes a search for a person located within the district, while subsection B2 authorizes a warrant outside the district only if the person, quote, might move or be moved outside the district before the warrant is executed. Here, the documents submitted in support of the warrant did not state that Thorn might move outside the district before the warrant was executed. They did not authorize a search on this basis. Law enforcement's application for a search and seizure warrant requested a search of a person or property located in the District of Columbia. Part of the reason this might not have been that much of a focus at first is that the reference in the affidavit to B2 was not even mentioned by the Supreme Court in its lengthy opinion. It was only in the government's opposition brief that the government started to rely on this one passing sentence. And so in the reply, page 20, the reply brief goes, explains why just referencing in part B2 does not suffice to establish actually getting to the good faith, good faith that the law enforcement was seeking a search outside the district. So I would like to turn to the diary point because, Judge Rogers, I think that's an immensely helpful way to look at this case. In closing argument, the prosecutor talked about the contents of a cell phone. I don't know if that's in the briefs and I need to double check that point. And I'm not sure it matters. In fact, I would say it doesn't matter. Once you have located the cell phone and arrested the defendant, you're going to be able to search. But, Judge, I will research that point. But I don't think that alters the serious jurisdictional flaw in the cell phone outside simulator search. Either the magistrate judge had authority to say that, to authorize it, or he did not. And, Judge, I do understand what the district judge seemed to be saying, what the prosecutor was just saying, and what I hear some members of this court saying is that somehow once you have probable cause to believe a cell phone, you can use that term carte blanche, you being the government, carte blanche to search anywhere outside the district, to set up that cell site simulator anywhere outside the district. That is, and why? Why? Because a cell phone, well, obviously, it might move. That is a staggering proposition. I mean, maybe Congress would say that, but to say that the Rule 41b-2 says it when it explicitly says if you want to go outside the district, you need to get authority to do that. And to pick up on the train example, the train example, which is in the legislative history, is if law enforcement believes the defendant is going to get on a train to go outside the district, say that in the affidavit, say he's getting on a train to — Thank you, Mr. Cohn. I think I understand your point. Okay. Mr. Cohn, you were appointed by the court to represent the appellant, and we thank you for your assistance in this matter. Okay. Are there no further questions? Case is submitted. Thank you.
judges: Pan; Garcia; Rogers